**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| Walt Winston, individually and on behalf of all others similarly situated,<br><br>Plaintiff(s)<br><br>-v.-<br><br>Unifin Inc.,<br><br>Defendant(s). | Civil Action No: 3:23-cv-915<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Walt Winston ("Plaintiff") brings this Class Action Complaint by and through his attorneys, against Defendant Unifin Inc. ("Unifin" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1. The Fair Debt Collection Practices Act ("FDCPA" or "Act") was enacted in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). The Act was promulgated because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* It concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *Id.* § 1692(b), the Act gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over state law claims, if any, in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims occurred here, Plaintiff resides here, and Defendant transacts business here.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of consumers in the State of Illinois under Section 1692 *et seq.* of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Illinois, County of Madison.

8. Defendant Unifin is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address for process service care of Incorp Services Inc, 901 South 2nd Street, Suite 201, Springfield, Illinois 62704.

9. Upon information and belief, Defendant Unifin is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due to itself or another.

10. Defendant Unifin was acting as a debt collector with respect to the collection of the Plaintiff's alleged debt.

## CLASS ALLEGATIONS

11. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

   a. all individuals with addresses in the State of Illinois;

   b. to whom Defendant Unifin sent an electronic message;

   c. attempting to collect a consumer debt;

   d. wherein the Defendant fails to disclose that it is a debt collector and/or that it is attempting to collect a debt;

   e. which electronic message was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

13. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf it attempts to collect and/or have purchased debts.

14. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

15. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal

issue is whether the Defendant's written communications to consumers, in the form described herein, violate 15 U.S.C. §§ 1692e and 1692f *et seq*.

16. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests which might cause them not to vigorously pursue this action.

17. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form described herein, violate 15 U.S.C. §§ 1692e and 1692f *et seq*.

   c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

18. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

19. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

20. Plaintiff incorporates by reference all of the above paragraphs of this Complaint numbered 1 through 19 as though fully stated herein with the same force and effect as if the same were set forth at length herein.

21. Some time prior to February 2, 2023, Plaintiff allegedly incurred an obligation to a creditor better known by the Defendant ("Creditor").

22. The obligation arose out of a transaction in which money, property, insurance, or services, of which the subject transactions, were incurred for personal, family, or household purposes.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

24. The alleged Creditor obligation is consumer related and therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

25. Creditor is a "creditor" as defined by 15 U.S.C. § 1692a(4).

26. Upon information and belief, Creditor contracted with Defendant Unifin to collect the alleged debt.

27. Defendant Unifin collects and attempts to collect debts incurred or alleged to have been incurred for personal, family, or household purposes on behalf of creditors using the United States Postal Services, telephone, and internet.

### *Violation – February 2, 2023 Collection Communication*

28. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs numbered 1 through 27 above herein with the same force and effect as if the same were set forth at length herein.

29. On or about February 2, 2023, Defendant Unifin sent Plaintiff an electronic collection text message ("Communication") regarding the debt owed to Creditor.

30. The Communication does not state that it is from a debt collector.

31. The Communication does not disclose that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

32. The Communication does not clarify who Unifin is in any way.

33. Despite the fact that the Communication lacks a disclosure that it is from a debt collector in an attempt to collect a debt, Defendant Unifin identifies the debt account number and introduces itself by stating, "[w]elcome to Unifin! Call us about Account # [redacted] at 8002763744 or at https://unif.in/act..."

34. There is no way to determine from the Communication Defendant's capacity as it relates to the debt.

35. The Communication solicits a response concerning the debt, but in no way provides Defendant's authority concerning the debt.

36. The Plaintiff was thereby misled as to the status of the subject debt, for it was not associated with a particular Creditor and/or Defendant's relation to the Creditor was undisclosed.

37. It is common practice, and required by law, for a debt collector to identify itself and the creditor associated with the debt being collected in collection correspondence.

38. Communications that lack a debt collector disclosure(s) make them seem illegitimate.

39. A consumer, such as Plaintiff, cannot pay an alleged debt, trusting the debt collector, such as Defendant, and the statements made within the debt collector's Communication, when it appears that the information stated in the debt collector's Communication is contrary to what

traditional debt collectors disclose, making the consumer question the legitimacy of the debt collector's attempts to collect the alleged debt.

40. The fact that Defendant did not identify itself as a debt collector attempting to collect a debt was suspicious, misleading, and out of character for a legitimate debt collection.

41. Therefore, Defendant's omissions cast a negative shadow over its debt collection practice in general.

42. By withholding the debt collector disclosure(s), the Communication and the collection appeared to be a scam.

43. When they go astray, debt collectors often introduce a tacit element of confusion into their correspondence to leave the consumer somewhat uninformed.

44. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

45. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

46. Knowing the state of affairs and the swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

47. One important element of consumer protection revolves around keeping the consumer informed.

48. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field with the debt collector.

49. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

50. These violations by Defendant were unconscionable, knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

51. Defendant's actions created an appreciable risk of harm to Plaintiff of being unable to properly respond to or handle Defendant's debt collection efforts.

52. Plaintiff's failure to pay the debt arose from the collection Communication itself because Plaintiff could not trust the facially suspicious nature of the Communication.

53. That harm would further materialize because Defendant's actions caused Plaintiff to expend time, in reliance on the improper content of the Communication and lack of consistent sensible information, to ascertain what his options and possible responses could or should be.

54. Defendant's collection efforts with respect to the alleged debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any consumer debt.

55. Defendant's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately or informatively respond to Defendant's collection of this alleged debt.

56. Plaintiff was uncertain about the legitimacy of the Communication and misled to his detriment by the statements and/or omissions in the same, and relied on the contents of the Communication to his detriment.

57. Plaintiff would have pursued a different course of action were it not for Defendant's violations.

58. Because of Defendant's actions, the funds Plaintiff could have used to pay all or part of the alleged debt were prioritized elsewhere.

59. In reliance on the Communication, Plaintiff expended time and money in an effort to mitigate the risk of future financial and reputational harm in the form of the debt collection informational furnishment, and ultimate dissemination, to third parties.

60. Plaintiff's reliance on the Communication, and the resulting inaction/non-payment, caused Defendant's furnishment, and ultimate dissemination, of negative credit reporting to the Plaintiff's financial and reputational detriment.

61. In reliance on the Communication, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

62. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

63. Plaintiff's reliance on the Communication caused emotional harm in the form of anxiety, that manifested itself physically in the form of increased heartrate.

64. As a result of Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

65. Plaintiff repeats the allegations contained in the above paragraphs numbered 1 through 64 as if set forth herein.

66. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

67. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

68. Defendant violated §1692e:

   a. As the Communication falsely represents the true character and/or legal status of the debt in violation of §1692e(2)(A);

   b. By making a false and misleading representation/omissions in violation of §1692e(10);

   c. By failing to disclose in the initial written Communication with the consumer … that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose and/or failing to disclose in subsequent communications that the Communication is from a debt collector in violation of §1692e(11).

69. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

70. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered 1 through 64 above herein with the same force and effect as if the same were set forth at length herein.

71. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

72. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

73. Defendant violated §1692f:

   a. By failing to identify itself as a debt collector attempting to collect a debt, and in the process, making the Communication appear to be a scam seeking erroneous payment.

74. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

75. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Walt Winston, individually and on behalf of all others similarly situated, demands judgment from Defendant Unifin as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative, and Yaakov Saks, Esq., as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: March 21, 2023

Respectfully Submitted,

**Stein Saks, PLLC**

*s/ Yaakov Saks*
Yaakov Saks, Esq.
1 University Plaza, Suite 620
Hackensack, NJ, 07666
Ph: 201-282-6500
ysaks@steinsakslegal.com

*Attorneys for Plaintiff*